UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AYANA JEFFERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>JORDAN KRAMER, SARA BROO, MELANIE AFORMSKY, ROSHANDA TILLMAN, ROBERT TEUTON,<br><br>  Defendants. | Case No. 2:24-cv-00316-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* and Complaint against defendants the Court reasonably interprets as caseworkers for the Division of Child and Family Services. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and is granted. Plaintiff's Complaint fails to establish a cause of action that can be adjudicated in federal court.

**I.      Screening the Complaint**.

Upon granting a request to proceed *in forma pauperis,* a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

**II. Plaintiff's Complaint Fails to State a Cognizable Claim**.

Plaintiff alleges a series of facts relating to involvement of the Division of Child and Family Services and certain Social Workers with whom she apparently interacted regarding her child. However, Plaintiff's Complaint fails to state a claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). General allegations of wrongdoing in the absence of an identified claim does not satisfy these requirements. *Id.* Because § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred," the first step is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted).

Further, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead not only sufficient facts to give a defendant fair notice of the claims against him, but also the legal grounds upon which it rests. *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

In this case, Plaintiff's allegations fail to identify a cause of action and, while the allegations are sufficiently understood, the Court cannot discern what claim or claims it is Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). Plaintiff says the Division of Child and Family Services and individual Social Workers did her wrong, but fails to identify a single claim against Defendants as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). Plaintiff's allegations fail to identify a cause of action that is discernable. *Hebbe*, 627 F.3d at 341-42.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in formal pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff has one additional opportunity to replead her claims. The pleading must be titled "First Amended Complaint" and must include not only facts, but the causes of action—the specific constitutional rights or identification of federal laws—violated by each Defendant. Plaintiff must tie the alleged action to the alleged violation of law.

Plaintiff is advised that if she files a first amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case. The judge screening the first amended complaint cannot refer to the original Complaint or any allegation therein when determining if Plaintiff sufficiently states a claim. As such, the first amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a first amended complaint, the first amended complaint be filed no later than **March 18, 2024**.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with the terms of this Order the Court will recommend Plaintiff's action be dismissed in its entirety, but without prejudice.

Dated this 15th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE