UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AYANA JEFFERSON,

Plaintiff,

v.

JORDAN KRAMER, SARA BROO,
MELANIE AFORMSKY, ROSHANDA
TILLMAN, ROBERT TEUTON,

Defendants.

Case No. 2:24-cv-00316-RFB-EJY

**REPORT AND RECOMMENDATION**
**Re: ECF No. 5**

This matter is before the Court for the screening of Plaintiff's Amended Complaint.  ECF No. 5.  Plaintiff was granted *in forma pauperis* status on February 15, 2024.  ECF No. 3.

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  However, pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Analysis of Plaintiff's Complaint

Federal courts are empowered to *sua sponte* review whether a case establishes subject matter jurisdiction and dismiss a case when such jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).  "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Federal courts have the authority to determine their own jurisdiction.  *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).  "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  By seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Initially, although Ms. Jefferson asserts that the Court has federal question jurisdiction and asserts violation of her Sixth, Eighth, and Thirteenth Amendment rights (ECF No. 5 at 3-4), she does not provide any factual support for how these constitutional rights were violated.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead not only sufficient facts to give a defendant fair notice of the claims against him, but also the legal grounds upon which it rests.  *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief."  *Sherrell v. Bank of Am.*, N.A., Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).  Ms. Jefferson's bare allegations of constitutional violations, with no details to support them, do not satisfy Rule 8's requirements.

Ms. Jefferson's remaining allegations, to the extent they are decipherable, are all based upon state law that does not form the basis for federal question jurisdiction.  *See* 28 U.S.C. § 1331.  With respect to diversity jurisdiction, Ms. Jefferson indicates she and all Defendants are Nevada residents.  ECF No. 5 at 1-2.  Because all parties are residents of the same state, the Court finds Plaintiff does not plead complete diversity of citizenship.

The Court finds there is nothing upon which the Court may rely on to exercise subject matter jurisdiction.  Therefore, the Court recommends Plaintiff's Amended Complaint be dismissed without prejudice and without leave to amend.  Plaintiff may refile her complaint, if she so chooses, stating state law claims in the Eighth Judicial District Court for Clark County, Nevada.[1]

**III.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 5) is DISMISSED without prejudice or leave to amend, so that Plaintiff may proceed in the Eighth Judicial District Court for Clark County, Nevada.

Dated this 30th day of April, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1]    Plaintiff may seek to proceed *in forma pauperis* in the Eighth Judicial District Court for Clark County, Nevada by filing an application for a waiver of costs and fees under NRS 12.015.