UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AYANA JEFFERSON,

        Plaintiff,

    v.

JORDAN KRAMER, SARA BROO,
MELANIE AFORMSKY, ROSHANDA
TILLMAN, ROBERT TEUTON,

        Defendants.

Case No. 2:24-cv-00316-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Recuse Judge.  ECF No. 9.  Plaintiff's Motion is denied.

**I.      Background**

On February 14, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") and a Complaint.  ECF Nos. 1, 1-1.  Plaintiff's IFP application was granted, but her Complaint failed to establish a cause of action that can be adjudicated in federal Court.  ECF No. 3.  Plaintiff was given one opportunity to amend her Complaint to fix its deficiencies.  *Id.*  On March 18, 2024, Plaintiff filed an Amended Complaint.  ECF No. 5.  On April 30, 2024, the Court entered a Report and Recommendation recommending Plaintiff's Amended Complaint be dismissed without prejudice or leave to amend, so that Plaintiff may proceed in the Eighth Judicial District Court for Clark County, Nevada.  ECF No. 7.  On May 13, 2024, Plaintiff filed the instant Motion to Recuse Judge asserting her Fourth, Sixth, Eighth, and Fourteenth Amendment rights have been violated and the undersigned has disregarded her claims.  ECF No. 9.[1]

**II.     Discussion**

Recusal of a judge is governed by 28 U.S.C. § 455.[2]  Under 28 U.S.C. § 455, recusal is appropriate, *inter alia*, when "in any proceeding in which … [the judge's] impartiality might

---

[1]      Plaintiff did not assert violation of her Fourth Amendment rights in her initial Complaint or Amended Complaint.  ECF Nos. 1-1, 5.

[2]      *See also* 28 U.S.C. § 144.

reasonably be questioned" and "[w]here … [the judge] has a personal bias or prejudice concerning a party." *Id.*  In the absence of a legitimate reason to recuse herself, a judge should participate in cases assigned.  *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

An alleged bias must stem from an "extrajudicial source." *Peterson v. Miranda*, Case No. 2:11-cv-01919-LRH-NJK, 2013 WL 1500984, at *3 (D. Nev. Apr. 11, 2013) (quoting *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.  A judge's prior adverse ruling is not sufficient cause for recusal.  *United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012) (citing *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993)).  Judicial rulings will only support recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555.

Plaintiff fails to allege facts demonstrating that the undersigned is prejudice or biased; rather, Plaintiff disagrees with the merits of the undersigned's Report and Recommendation at ECF No. 7. This is not sufficient basis for judicial recusal.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Recuse Judge (ECF No. 9) is DENIED.

Dated this 14th day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2