UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AYANA JEFFERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JORDAN KRAMER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:24-cv-00316-RFB-EJY<br><br>**ORDER** |

　　　　Before the Court for consideration is the Report and Recommendation ("R&R") of the Honorable Elayna J. Youchah, United States Magistrate Judge, dated April 30, 2024 (ECF No. 7). Plaintiff Ayana Jefferson filed an Objection (ECF No. 10) on May 13, 2024. For the reasons explained below, the Court accepts the R&R on modified grounds.

　　　　A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo[1] determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

　　　　On February 14, 2024, Plaintiff Jefferson filed a Motion to Proceed *in forma pauperis* alongside a Complaint (the "Original Complaint"). ECF Nos. 1. Upon granting an application to proceed *in forma pauperis*, the Court must screen the complaint. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] *De novo* review simply means a review by one court using the lower court's record but reviewing the evidence and the law without deference to the lower court's findings and rulings. See Appeal, Black's Law Dictionary (11th ed. 2019).

The Original Complaint raised a claim under 42 U.S.C. § 1983 for alleged violations of her Sixth, Eighth, and Thirteenth Amendment rights as defendant's "kidnapped my child and caused involuntary servitude." On February 15, 2024, Judge Youchah issued an Order granting *in forma pauperis* status and screening the Original Complaint. ECF No. 3. In that Order, Judge Youchah found that Ms. Jefferson had failed to plead sufficient facts to support a claim under § 1983. Id. Judge Youchah dismissed the Original Complaint and ordered that "Plaintiff has one additional opportunity to replead her claims . . . and must include not only facts but the cause of action—the specific constitutional rights or identification of federal laws—violated by each defendant. Ms. Jefferson must tie the alleged action to the alleged violation of law." Id. On March 18, 2024, Ms. Jefferson filed an Amended Complaint (the "First Amended Complaint"). ECF No. 5. On April 30, 2024, Judge Youchah issued her R&R screening the First Amended Complaint and recommending dismissal for want of subject matter jurisdiction.

Ms. Jefferson timely objected. Her Objection reads in full: "I have stated multiple times the claims upon which relief may be granted. NRS 432B.160 the CPS case workers violated this law and did not act in good faith and with negligent-performance. Under any circumstances, it is not ok to violate a person's 4th, 6th, 8th, 14th amendment rights."[2] The term CPS appears to refer to Child Protective Services, which in Clark County is a part of the Clark County Department of Family Services.

The Court now turns to *de novo* review of the screening process.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d

---

[2] Ms. Jefferson raises the Fourth and Fourteenth Amendments for the first time in the Objection and omits her Thirteenth Amendment claim. When screening, courts are generally confined to the actual text of the pleadings and not any outside information. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Because the Fourth and Fourteenth Amendments claims do not appear in the Amended Complaint, the Court will not consider them here.

1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

First, the Court considers whether jurisdiction is adequately pleaded. Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). Original subject matter jurisdiction can exist based on a complaint raising a federal question, see 28 U.S.C. § 1331, or by raising diversity jurisdiction, see 28 U.S.C. § 1332. Ms. Jefferson asserts federal question jurisdiction in this case.[3] Unlike the Original Complaint, the First Amended Complaint does not explicitly state the claim is raised under 42 U.S.C. § 1983. Instead, the First Amended Complaint asserts federal question jurisdiction solely on the basis of the Sixth, Eighth, and Thirteenth Amendments.[4] Jurisdiction under § 1331 requires more than simply reciting federal laws or

---

[3] The Court separately finds that there is no basis for diversity jurisdiction as both Plaintiff Ayana Jefferson and all Defendants are listed as residing in Nevada and, presumably, citizens of Nevada. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (holding that proper jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant).

[4] The First Amended Complaint also cites various sections of the Nevada Revised Statutes ("NRS"), namely NRS 195.020, 200.310, 233.157, -170, -175, -180. In her Objection, Plaintiff cites to NRS 432B.160 as the basis upon which relief can be granted. Nevertheless, state statutes

1  Constitutional provisions; rather, federal cause of action must be asserted. American Well Works
2  Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates
3  the cause of action").[5] Nevertheless, the Court construes the Complaint as raising Sixth, Eighth,
4  and Thirteenth constitutional claims under 42 U.S.C. § 1983. Balistreri v. Pacifica Police Dep't,
5  901 F.2d 696, 699 (9th Cir. 1988) (explaining the Court must liberally construe *pro se* pleadings).

6  Second, the Court turns to whether the Complaint has stated plausible claims. The Sixth
7  Amendment, by its own text, applies only to "criminal prosecutions" and Ms. Jefferson has made
8  no allegation involving a criminal prosecution. See U.S. Const. amend VI. The Eighth Amendment
9  provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and
10 unusual punishments inflicted." U.S. Const. amend. VIII. While the Court recognizes that the
11 parent-child relationship is a unique and powerful interest, see, e.g., Lassiter v. Dep't of Social
12 Services, 452 U.S. 18, 38 (1981) (Blackmun, J., dissenting), the Eighth Amendment is principally
13 concerned with criminal punishments and Ms. Jefferson has provided no basis for extending it to
14 the child custody setting. See Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977) ("Eighth
15 Amendment scrutiny is appropriate only after the State has complied with the constitutional
16 guarantees traditionally associated with criminal prosecutions."). Finally, the Thirteenth
17 Amendment prohibits "slavery nor involuntary servitude, except as a punishment for crime
18 whereof the party shall have been duly convicted[.]" U.S. Const. amend XIII. Ms. Jefferson has
19 provided no facts related to any condition of slavery nor involuntary servitude. In sum, the Court
20 finds that the Complaint has failed to state a claim under 42 U.S.C. § 1983 for violations of the
21 Sixth, Eighth, and Thirteenth Amendments.

---

are not able to create a federal cause of action. See, e.g., U.S. Const. art. VI, cl. 2.

[5] There is a narrow exception to the well-pleaded-complaint rule: "federal jurisdiction over a state-law claim will lie if a federal issue is '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" City of Oakland v. BP PLC, 969 F.3d 895, 904 (9th Cir. 2020) (quoting Gunn v. Minton, 568 U.S. 251, 258 (2013)). "All four requirements must be met for federal jurisdiction to be proper." Id. at 904-05. The Court finds this case does not fall within this "small and special category" of cases. Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). It is unclear if federal constitutional issues are "pivotal" to any state claim—indeed, the Court is not sure what state cause of action and, thus, what essential elements might be raised by the First Amended Complaint. See Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1045 (9th Cir. 2003). Similarly, given the dearth of alleged facts in the First Amended Complaint, it is impossible to meaningfully evaluate the other Gunn factors.

1      Finally, the Court finds that amendment would be futile. As detailed above, the Sixth and
2  Eighth Amendments are related to the criminal law and the Thirteenth Amendment relates to
3  slavery and involuntary servitude. Considering the pleadings to date, the Court finds that there is
4  no probability that Plaintiff will be able to successfully plead either requirement.

5      Therefore, for the foregoing reasons, **IT IS ORDERED** that the Report and
6  Recommendation of the Magistrate Judge (ECF No. 7) is **ACCEPTED** on modified grounds. The
7  Amended Complaint is **DISMISSED** without prejudice for failure to state a claim upon which
8  relief may be granted. Plaintiff's Objection (ECF No. 10) is **DENIED**.

9      **IT IS FURTHER ORDERED** that the Clerk of Court will close the case.

11 **DATED:** June 20, 2024

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**